# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KENNETH L. CARTER et al.,**<br><br>    **Defendants.** | Case No. 15-2029 |

## REPORT & RECOMMENDATION

This matter is before the Court on the Motion to Enforce the Court's January 12, 2016 Order (ECF #30) and the Court's January 26, 2016 Order and for Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure (#34) filed by Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff"). As directed by the Court, Plaintiff filed a Schedule of Costs (#35) incurred in connection with its efforts to compel discovery and file the Motion to Compel, Motion to Amend Scheduling Order, and Motion to Enforce. Defendants Kenneth L. Carter and Mary Frances Carter ("Defendants") filed Objections to Additional Sanctions (# 37, 38). The Court has reviewed the facts and arguments presented, and for the reasons discussed below, Plaintiff's Motion to Enforce the Court's January 12, 2016 Order and for Sanctions (#34) is GRANTED IN PART and DENIED IN PART and Plaintiff's Schedule of Costs (#35) is GRANTED.

I.   **Background**

On December 18, 2015, Plaintiff filed a Motion to Compel and Amend Scheduling Order (#24), asking the Court to direct Defendants to supplement their responses to Plaintiff's First Set of Interrogatories Numbers 9 and 10. Defendants filed Memorandums in Opposition (#28, 29). The Court granted Plaintiff's Motion as to the request for supplemented responses to Interrogatories 9 and 10 and directed

Defendants to amend their responses to Interrogatories 9 and 10 with substantive responses and directed Plaintiff to file a proposed amended scheduling order. (Order, #30) The Court also ordered Defendants to show cause why fees Plaintiff incurred relating to the Motion to Compel should not be awarded under Rule 37(a)(5). Plaintiff filed its Motion to Amend Scheduling Order on January 25, 2016 (#31), which the Court granted (January 26, 2016 Text Order). This text order also directed Defendants to submit the supplemental discovery responses, as previously ordered by the Court, by February 1, 2016. On January 26, Defendants filed an Objection to Sanctions (#33).

On February 5, Plaintiff filed the pending Motion to Enforce the Court's January 12, 2016 Order (ECF #30) and the Court's January 26, 2016 Order and for Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure (#34). Plaintiff's Motion reported that Defendants still had not complied with the Court's orders directing Defendants to provide supplemental responses. The Court entered a text order directing Plaintiff to submit a schedule of costs incurred in connection with its efforts to compel discovery, its Motion to Compel, its Motion to Amend the Scheduling Order, and the Motion to Enforce, and ordering Defendants to show cause why additional sanctions should not be entered against them for failing to comply with the Court's orders (February 8, 2016 Text Order). On February 22, 2016, Plaintiff filed its Schedule of Costs (#35) and Defendants filed Memorandums in Objection to Additional Sanctions (#37, 38). Also on February 22, 2016, more than twenty days after the Court's deadline, Defendants finally served their supplemental responses to Interrogatories 9 and 10.

Plaintiff's Motion for Sanctions (#34) asks the Court to impose the following sanctions: (1) strike Defendants First, Second, and Third Affirmative Defenses; (2) bar Defendants from presenting evidence on Defendants First, Second, and Third Affirmative Defenses; and (3) award Plaintiff costs incurred in connection with its extra-judicial efforts to compel discovery. Defendants' Objections to Additional Sanctions (#37, 38) acknowledge that Plaintiff suffered "*some* harm" because of Defendants' delayed responses, but ask the Court to limit its sanctions to monetary awards.

Defendants argue that because there was no willful or intentional violation, more extreme sanctions, such as striking Defendants' defenses, would be overly harsh.

**II.    Analysis**

When a party's refusal to participate in discovery causes the other party to move to compel compliance, Rule 37 provides that "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). Similarly, the Rule requires sanctions against a party that refuses to comply with a court order relating to discovery. "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(b)(2)(B). The district court has discretion in awarding sanctions, and the Seventh Circuit has given district courts "wide latitude in fashioning appropriate sanctions." *Johnson v. Kakvand*, 192 F. 3d 656, 661 (7th Cir. 1999).

Plaintiff cites several cases where the courts have barred evidence or stricken answers due to a party's failure to comply with a court order. In each of these cases, however, the failing party disregarded the court orders or had repeated discovery abuses. *See Beau Products, Inc. v. Permagrain Products, Inc.*, 97 F.R.D. 50, 55 (M.D. Pa. 1983); *Hartford Fire Ins. Co. v. Leader Const. Co.*, 176 F.R.D. 202 (E.D.N.C. 1997); *Marshall v. F.W. Woolworth, Inc.*, 122 F.R.D. 117 (D.P. R. 1988); *Nippon Fire & Marine Ins. Co., Ltd. V. M/V EGASCO STAR*, 1996 WL 74745 (S.D.N.Y. 1996); *Securities and Exch. Comm. v. Wencke*, 577 F. 2d 619 (9th Cir. 1978).

Defendants were not blameless for the untimely production, but there is no indication that they willfully or intentionally evaded the Court's orders. Defense counsel reports that he was unaware of the Court's January 26, 2016 text order directing the supplemental responses to be filed by February 1, 2016. Defense counsel was made aware of this deadline on February 4, 2016. However, defense counsel fails to

adequately explain why he did not seek an extension at that time or communicate to Plaintiff that the responses would be delayed. Defendants note that seeking an enlargement of time at that point would have "done little good" as the deadline was missed, but this does not absolve Defendants of their duty to maintain communication with Plaintiff. Instead, Defendants did not file their response until February 22, 2016.

The Court therefore recommends an award of attorney fees for the costs incurred by Plaintiff with its efforts to compel discovery. Plaintiff's costs incurred relate to its efforts to compel discovery, its Motion to Compel, its Motion to Amend the Scheduling Order, and the Motion to Enforce. At the request of the Court, Plaintiff submitted a Schedule of Costs, including attorney fees, related to its efforts to compel (#35). The Court has reviewed the redacted invoices and affidavit provided by Plaintiff's counsel. The Court will allow all of the expenses claimed by Plaintiff that relate directly to its efforts to compel further responses from Defendants and recommends that Defendants be ordered to pay Plaintiff the amount of $3,603.00 on or before April 1, 2016.

Plaintiff obtained the supplemental responses, and while they were late and caused significant monetary costs to Plaintiff, no significant prejudice resulted from the delay. Further sanctions are not warranted under the facts presented, and the Court recommends a denial of Plaintiff's additional sanction requests.

### III. Conclusion

For the reasons discussed above, the Court recommends Plaintiff's Motion to Enforce the Court's January 12, 2016 Order (ECF #30) and the Court's January 26, 2016 Order and for Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure (#34) be GRANTED IN PART and DENIED IN PART. Plaintiff's Schedule of Expenses (#35) be GRANTED, and Defendants be ordered to pay Plaintiff the amount of $3,603.00 on or before April 1, 2016.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a

waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 1st day of March, 2016.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
